IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 1:22-cr-00374-KWR-1

JASON CLARK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant's motion for a reduced sentence. Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) and (2). Having reviewed the record and applicable law, the Court will deny the motion without prejudice.

### BACKGROUND

Defendant pled guilty to a violation of 21 U.S.C. Sec. 841(b)(1)(C) to Possession with Intent to Distribute Fentanyl. Defendant was sentenced in this case on April 17, 2023, to a guidelines range sentence of 87 months, followed by a term of supervised release. Doc. 63.

Defendant is housed at FCI La Tuna with a projected release date of August 18, 2029. *See https://www.bop.gov/inmateloc/* (last accessed October 16, 2023).

Defendant filed his motion on August 3, 2023. The Government filed its response to the motion on September 18, 2023. Defendant filed a reply on October 2, 2023.

### DISCUSSION

Defendant filed his motion pursuant to § 1B1.13 contending that he is entitled to a § 3582(c)(1) and (2) sentence reduction. Defendant argues that in addition to self-improvement, a "change in law" and familial obligations qualify him for a reduced sentence.

Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)).  However, Congress has provided a limited exception to this rule and allowed for certain sentence modifications under § 3582(c)(1) and (2).

Under § 3582(c)(1), the Court may reduce a sentence under this provision if Defendant administratively exhausts his request and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent that they are applicable. *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).  Because there are currently no applicable policy statements for defendant-filed compassionate-release motions like Defendant's, only the first and third requirements are relevant here.  *United States v. McGee*, 992 F.3d at 1050.[1]

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.  But when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at 1043.

Under §3582(c)(2), the Court may reduce a sentence under this provision if Defendant has, "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that

---

1 Although the Sentencing Commission has proposed policy statements and given guidance on extraordinary and compelling circumstances, it appears they will not take effect until November 1, 2023.  *See United States v. Maumau*, 993 F.3d 821, 834, 836-37 (10th Cir. 2021).

they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Court declines to reduce Defendant's sentence for the following reasons.

### I. **Defendant failed to show administrative exhaustion.**

The Government argues that Defendant failed to show he administratively exhausted his claim. The Court agrees, and concludes that he failed to administratively exhaust his § 3582(c)(1) motion. Defendant may file a compassionate release motion with a district court after he has fully exhausted all of his administrative rights to appeal the BOP's failure to bring a motion for compassionate release on his behalf, or after the lapse of 30 days from the receipt of his compassionate release by the warden. 18 U.S.C. § 3582(c)(1)(A).

Initially, the Court notes that Defendant has not asserted that he exhausted his administrative remedies. Doc. 66. As Defendant bears the burden to prove exhaustion, his motion fails on this basis alone. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021). The Government contends that, "there is no record or other indication that a RIS [Reduction in Sentence] application was properly submitted by, or on behalf of, inmate Clark." Doc. 69, Ex. 1. Furthermore, Government states that a search of the Bureau of Prisons' computerized database, SENTRY, yielded no Administrative Remedy Requests or Appeals by Defendant. *Id*. *See United States v. Benitez-Lopez*, No. 18-CR-00328-PAB-6, 2023 WL 4847591, at *2 (D. Colo. July 28, 2023) (failure to exhaust administrative remedies where government represented it did not receive his request), *citing United States v. Ramirez*, No. 14-cr-00249-PAB, 2022 WL 1092180, at *3 (D. Colo. Apr. 12, 2022) (holding that defendant failed to exhaust administrative remedies because the government represented that the prison had no record of defendant's compassionate release request and defendant provided no proof of his request or the denial).

Therefore, the Court concludes that Defendant has not shown he administratively exhausted his claim. The Court will deny his motion without prejudice. *See Ramirez*, 2022 WL 1092180, at *3 (noting that dismissal without prejudice is proper when a defendant fails to comply with § 3582(c)(1)(A)'s exhaustion requirement)*; United States v. Purify,* 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) (unpublished) ("dismissals for failure to exhaust are ordinarily without prejudice.").

## II.    **Defendant has not shown that extraordinary and compelling circumstances warrant a sentence reduction.**

Alternatively, Defendant's motion under § 3582(c)(1) should be denied because he has not shown extraordinary and compelling circumstances warranting a sentence reduction.

District courts have discretion to determine what constitutes extraordinary and compelling circumstances warranting a sentence reduction. *United States v. McGee*, 992 F.3d at 1045. In considering what constitutes extraordinary and compelling circumstances, the Court should consider the policy statements provided by the Sentencing Commission. *Id.* Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples." 28 U.S.C. § 994(t). As noted above, the Sentencing Commission's policy statements do not take effect until November 1, 2023. Therefore, the Court has discretion to consider whether the circumstances in this case are an extraordinary and compelling reason for a sentence reduction. *United States v. Wesley*, 60 F.4th 1277, 1283 (10th Cir. 2023).

Here, the Court concludes that Defendant has not demonstrated extraordinary and compelling circumstances warranting a sentence reduction or immediate release.

Initially, the Court concludes Defendant's arguments as to family obligations fall short of extraordinary and compelling circumstances under § 3582(c)(1)(A). Defendant describes his

4

family as "struggling with day to day provisions." Doc. 66. Upon reviewing the record and in the Court's discretion, Defendant has not described or provided evidence that these family circumstances are extraordinary and compelling.

Defendant requests a sentence reduction pursuant to the pending retroactive sentence amendments under Parts A and B of Amendment 821 to the Sentencing Guidelines. Defendant contends that the upcoming, November 1, 2023, amendments to § 1B1.13 and a "change in law" qualify him for a § 3582(c) sentence reduction. *See* Doc. 66. The Court concludes that the changes in law Defendant cites, in its discretion, do not support a finding of extraordinary and compelling circumstances justifying a sentencing reduction. In assessing extraordinary and compelling circumstances, district courts can consider changes in law, including nonretroactive changes. *United States v. Arriola-Perez*, No. 21-8072, 2022 WL 2388418, at *2 (10th Cir. July 1, 2022) citing, *McGee*, 992 F.3d at 1047; *Maumau*, 993 F.3d at 828, 837; *Concepcion v. United States*, No. 20-1650, U.S. L.Ed.2d 2022 WL 2295029, at *4 (U.S. June 27, 2022).

In his motion, Defendant refers to a "change in law." Doc. 66. Defendant is likely referring to the not-yet-in-effect "unusually long sentence" section to appear in § 1B1.13(b)(6). This subsection will state:

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

United States Sentencing Commission, *Amendments to the Sentencing Guidelines,* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last visited October 16, 2023), at 3.

Defendant has not served at least ten years imprisonment and likely will not do so given his guidelines range sentence of eighty-seven months. Therefore, even if this amendment were in effect, § 1B1.13(b)(6) does not apply here. Defendant has not presented evidence demonstrating how this pending, inapplicable amendment warrants an extraordinary and compelling circumstance.

Part A of Amendment 821 limits the criminal history impact of "Status Points" in §4A1.1. Under the changes, subsection (d) is stricken, which added two points if the offense was committed while under a criminal justice sentence. In its place, new subsection (e) will state that one point should be added if a defendant receives seven or more points in previous subsections and committed the offense while under a criminal justice sentence. *Id.* This amendment is in effect November 1, 2023, and allows for retroactive reductions beginning February 1, 2024. Furthermore, Part A of Amendment 821 would not alter Defendant's sentence, as his sentence does not include a Status Points enhancement under §4A1.1. Defendant has not established how this inapplicable amendment warrants an extraordinary and compelling circumstance.

Defendant then contends that under Part B of Amendment 821 of § 4C1.1, he is eligible for a sentence reduction based on the not-yet-effective Adjustment for Certain Zero-Point Offenders provision. Effective February 1, 2024, § 4C1.1 will permit a two-level reduction for defendants without criminal history points from Chapter Four, Part A and an instant offense without specific aggravating factors. United States Sentencing Commission, *U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities*, https://www.ussc.gov/about/news/press-releases/august-24-2023 (last visited October 16, 2023).

If this provision were in effect, Defendant is likely excluded pursuant to aggravating

6

factor § 4C1.1(a)(7), the possession, receipt, purchase, transport, transfer, sale, or disposal of a firearm or dangerous weapon in connection with the offense.  United States Sentencing Commission, *Amendments to the Sentencing Guidelines*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf (last visited October 16, 2023), at 45-46.  Given Defendant's possession of eighteen firearms in connection with his offense, he likely falls under the § 4C1.1(a)(7) aggravating factor, thereby rendering him ineligible.  Doc. 48 at 5.  Defendant has not established how this inapplicable amendment warrants an extraordinary and compelling circumstance.

In its discretion, the Court concludes that Defendant has not established that these pending guidelines amendments as applied to him, his familial circumstance, or his good conduct constitute extraordinary and compelling circumstances warranting a reduced sentence.

### III.     Modification of a Sentence under § 3582(c)(2)

Under § 3582(c)(2), Defendant is not entitled to a retroactive sentencing reduction under Parts A and B of Amendment 821.  § 3582(c)(2) provides that sentenced Defendants subjected to a sentencing range that is subsequently lowered may have a sentence reduced after a Court weighs the Sec. 3553(a) factors and applicable policy statements.

Part A of Amendment 821 limits the criminal history impact of "Status Points" in §4A1.1.  Under the changes, subsection (d) is stricken, which added two points if the offense was committed while under a criminal justice sentence.  In its place, new subsection (e) will state that one point should be added if a defendant receives seven or more points in previous subsections and committed the offense while under a criminal justice sentence.  *Id*.  This amendment is in effect beginning November 1, 2023, and may be retroactively applied beginning February 1,

2024.  Furthermore, Part A of Amendment 821 would not alter Defendant's sentence, as his sentence does not include a Status Points enhancement under §4A1.1.

Part B of Amendment 821 creates a Chapter Four guideline in §4C1.1, decreasing by two the offense levels for defendants that did not receive criminal history points and whose offenses did not involve aggravating factors.  This amendment has an effective date of November 1, 2023, and a district court may order retroactive application of this amendment, to take effect February 1, 2024 or later.  Furthermore, while Defendant did not receive criminal history points, his offense involved aggravating factor(s), specifically §4C1.1(a)(7), the possession, receipt, purchase, transport, transfer, sale, or disposal of a firearm or other dangerous weapon in connection with an offense.  Upon his arrest, agents found eighteen firearms in Defendant's home.  PSR at 12.  This Court already determined that Defendant possessed a firearm in connection with this offense when it denied Defendant's two-level safety valve provisions reduction request via U.S.S.G § 5C1.2 and 18 U.S.C. §3553(f)(2).  Active possession itself has been defined previously as meaning, "a close connection linking the individual defendant, the weapon, and the offense." *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1187 (10th Cir. 2004).  Loaded firearms themselves have the potential to facilitate drug trafficking.  *United States v. Hargrove*, 911 F.3d 1306, 1331 (10th Cir. 2019).  As such, even if the Part B amendment were effective at this time, Defendant would not be entitled to a reduction.  Therefore, pursuant to § 3582(c)(2), Defendant has not been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered pursuant to 28 U.S.C. 994(o).

    **IV.**    **Applicable sentencing factors under § 3553(a) do not favor release.**

Alternatively, if Defendant showed administrative exhaustion and extraordinary and compelling circumstances under §3582(c)(1) or an eligible §3582(c)(2) modification, the

applicable § 3553(a) factors do not favor reducing his term of imprisonment to time served. § 3582(c)(1)(A) (the court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent they are applicable…").

Defendant asserts he does not pose a danger to any other person or the community, claiming that he is not a violent person and has never been convicted of a violent crime. Doc. 70 at 2. The Court has reviewed the entire record in this case, including the briefings and the PSR. After considering and balancing all applicable § 3553(a) factors, the Court concludes that a sentence reduction is not warranted.

Defendant has been convicted of Possession with Intent to Distribute Fentanyl, a serious offense. Pursuant to a plea agreement, Defendant was sentenced to 87 months' imprisonment, when the PSR asserted his guideline range was 87 to 108 months. Doc. 48 at 15. The Court has considered all applicable § 3553(a) sentencing factors. The Court concludes that reducing his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. Reducing his sentence would not further the need for deterrence. § 3553(a)(2)(A)-(D). Moreover, the Court finds that Defendant should serve the remainder of his sentence to protect the public from further crimes of Defendant. *Id.* Defendant appears to rely primarily on his characteristics, family obligations, and future guidelines amendments to warrant a sentence reduction. The Court finds that these do not outweigh the other sentencing factors or warrant a sentence reduction.

Therefore, the Court concludes that the applicable § 3553(a) factors do not weigh in favor of his requested sentencing reduction.

## CONCLUSION

Because Defendant failed to show he administratively exhausted his claims and he was

not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered, the Court will deny the Motion under § 3582(c)(1) (Doc. 66) without prejudice. Alternatively, the Court would also deny his Motion because (1) he failed to show extraordinary and compelling circumstances for a sentence reduction under § 3582(c)(1), (2) he failed to show a sentencing reduction applied under § 3582(c)(2) and (3) the § 3553(a) factors do not weigh in favor of his requested sentence reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release **(Doc. 66)** is **DENIED** without prejudice.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE